**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ADAM KELLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13 C 4922 |
| | ) PLAINTIFF DEMANDS TRIAL |
| | ) BY JURY |
| | ) |
| SPIRO LEMPESIS, individually and as an | ) |
| Agent of COMMUNITY CONSOLIDATED | ) |
| SCHOOL DISTRICT 180, | ) |
| BURR RIDGE MIDDLE SCHOOL, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, ADAM KELLEY, by and through his attorneys,

MCNABOLA LAW GROUP, P.C., and for its FIRST AMENDED COMPLAINT AT LAW,

complains against defendants, SPIRO LEMPESIS, Individually and as an Agent of

COMMUNITY CONSOLIDATED SCHOOL DISTRICT 180, BURR RIDGE MIDDLE

SCHOOL, pleading hypothetically and in the alternative states as follows:

***PARTIES***

1.  Plaintiff, ADAM KELLEY, (hereinafter referred to as "Plaintiff") was born on

November 2, 1981.

2.  Defendant, SPIRO LEMPESIS, (hereinafter referred to as "LEMPESIS") was a

teacher and softball coach at COMMUNITY CONSOLIDATED SCHOOL DISTRICT, 180,

BURR RIDGE MIDDLE SCHOOL from approximately 1992 to June 1996.

3. Defendant, COMMUNITY CONSOLIDATED SCHOOL DISTRICT 180, BURR RIDGE MIDDLE SCHOOL, (hereinafter referred to as "BURR RIDGE MIDDLE SCHOOL"), employed defendant LEMPESIS as a baseball coach and teacher for its middle school students.

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332.

5. ADAM KELLEY is a citizen of the State of Louisiana.

6. SPIRO LEMPESIS is a citizen of the State of Illinois.

7. COMMUNITY CONSOLIDATED SCHOOL DISTRICT 180 and BURR RIDGE MIDDLE SCHOOL is an educational facility and citizen of Illinois.

8. The amount in controversy exceeds the jurisdictional amount of $75,001.00.

### *FACTS COMMON TO ALL COUNTS*

9. At all times relevant to this cause of action, the Plaintiff attended middle school at BURR RIDGE MIDDLE SCHOOL, located at 15W451 91st Street, Burr Ridge, DuPage County, Illinois.

10. At all times relevant to this cause of action, the Defendant, LEMPESIS, was an agent, servant, and/or employee of BURR RIDGE MIDDLE SCHOOL.

11. At all times relevant to this cause of action, Defendant, BURR RIDGE MIDDLE SCHOOL provided education to young children through their middle school years, which included their education from sixth through eighth grade.

12. At all times relevant to this cause of action, Defendant, LEMPESIS was employed as a teacher of middle school students attending BURR RIDGE MIDDLE SCHOOL.

13. At all times relevant to this cause of action, Defendant, LEMPESIS, also was employed and acted as a softball coach for young children attending BURR RIDGE MIDDLE SCHOOL.

14.     At all times relevant to this cause of action, Defendant, BURR RIDGE MIDDLE SCHOOL, held itself out to Plaintiff, then a minor, and his parents that it stood and acted in place of the parents of minor children, and thus Defendant, BURR RIDGE MIDDLE SCHOOL, held itself out to Plaintiff and his parents as acting **in loco parentis**, while Plaintiff was enrolled in school.

15.     While the Plaintiff was attending BURR RIDGE MIDDLE SCHOOL, the school had exclusive custody and control of Plaintiff under such circumstances as to deprive his parents of their normal opportunities for protection of their then minor son. This protection is similar to that which a mother or father would exhibit to a newborn or young child. This includes, without limitations, the deprivation of a parent of their normal opportunity to protect their child from the sexual abuse of a predator or pedophile.

16.     While the Plaintiff attended school at BURR RIDGE MIDDLE SCHOOL, as well as participating in softball as an extracurricular activity, the school had exclusive custody and control of Plaintiff under such circumstances and had a fiduciary duty to Plaintiff, acting as protector of a minor ward Plaintiff's age, including the Plaintiff.

17.     As an entity exercising exclusive custody and control of a minor boy such as Plaintiff, BURR RIDGE MIDDLE SCHOOL had a special duty to anticipate danger; and to exercise reasonable diligence from groups or individuals of notoriously dangerous character.

18.     Specifically, BURR RIDGE MIDDLE SCHOOL knew, or reasonably should have known that the Defendant, LEMPESIS, was a notorious character, including, but not limited to predatory and pedophile behaviors. Defendant, LEMPESIS, was in the habit of sexually abusing juvenile boys within the school and during its extracurricular activities, including softball, a fact that BURR RIDGE MIDDLE SCHOOL knew or reasonably should

have known.   As a result, BURR RIDGE MIDDLE SCHOOL owed a duty to all the youth of the school, including Plaintiff, and his parents to exercise due diligence to ascertain and anticipate dangers and make careful preparation to give Plaintiff effective protection when the need would arise, from such predatory and pedophile persons such as Defendant, LEMPESIS, serving as teachers and/or coaches in the school.

19.     In addition, BURR RIDGE MIDDLE SCHOOL, armed with the knowledge of the preceding paragraph, would be under an affirmative duty to interfere and intervene when they knew or reasonably should have known of such predatory conduct; and would also have the duty to be reasonably vigilant in the supervision of the juveniles over which they had exclusive control so as to ascertain when such predatory conduct was about to occur.

20.     At all times relevant to this cause of action, Defendant, LEMPESIS, was a teacher and softball coach and was under the direct supervision, employ, agency and control of Defendant, BURR RIDGE SCHOOL.

21.     At all times relevant to this cause of action, BURR RIDGE MIDDLE SCHOOL was responsible for fully investigating the history and fitness of all its teachers and coaches prior to placement within its school.

22.     During the time that Defendant, LEMPESIS, was a teacher and softball coach and as a result of the affiliation Plaintiff had with BURR RIDGE MIDDLE SCHOOL, a special fiduciary relationship of human trust developed between Plaintiff and Defendants, LEMPESIS and BURR RIDGE MIDDLE SCHOOL, with concomitant *in loco parentis* duties, including providing a safe haven for Plaintiff by providing for his physical and emotional care and safety. As a result of representations made by Defendants and its agents held themselves out as counselors, teachers, and coaches, Plaintiff placed great trust in the school and Defendant,

4

LEMPESIS, so that Defendants gained control and influence over Plaintiff, and therefore Defendants entered in to a fiduciary relationship with the Plaintiff.

23.     Defendants' fiduciary relationship with the Plaintiff established upon the Defendants a duty of good faith, fair dealing and the duty to act with the highest degree of trust and confidence.  This fiduciary relationship includes the duty to warn and to disclose and the duty to protect children from sexual abuse and exploitation by its teachers and coaches whom Defendants promote as being representatives of the school and with whom BURR RIDGE MIDDLE SCHOOL hold out to parents and the community as safe, trustworthy members of its staff.  Defendants' fiduciary relationship with Plaintiff was based upon justifiable trust on and superiority and influence on Defendants' side particularly during school and participation in extracurricular activities, such as softball.

24.     Administrators of Defendant BURR RIDGE MIDDLE SCHOOL were in specialized or superior position to receive and did receive specific information regarding misconduct by Defendant, LEMPESIS, that was of critical importance to the well-being, protection, care and treatment of innocent victims, including the Plaintiff.  This knowledge was not otherwise readily available.  Defendant, BURR RIDGE MIDDLE SCHOOL exercised its special or superior position to assume control of said knowledge and any response thereto.

25.     Plaintiff was in a subordinate position of weakness, vulnerability, and inequality and was lacking knowledge.  Further, the ability of Plaintiff or his family to monitor the use or misuse of the power and authority of Defendants, LEMPESIS and BURR RIDGE MIDDLE SCHOOL, was compromised, inhibited or restricted by Defendants, LEMPESIS and BURR RIDGE MIDDLE SCHOOL.

26.     Defendant, BURR RIDGE MIDDLE SCHOOL, had a fiduciary duty which

they breached by failing to act upon, or insufficiently acting upon or responding to, information which they had obtained by virtue of their status, known only to them that was indicative or highly suggestive of a pattern of wrongful, unlawful or criminal behavior of Defendant, LEMPESIS. Defendant, BURR RIDGE MIDDLE SCHOOL breached this duty, as well as other duties, through inaction, manipulation, intimidation, evasion, intended deception, undue influence and duress or otherwise as more fully described and set forth elsewhere in this Complaint, resulting in negative consequences to the welfare and well-being of Plaintiff.

27. The Defendant, BURR RIDGE HIGH SCHOOL, created the misperception in the mind of the Plaintiff and his parents and others that Plaintiff and other children were safe with teachers and coaches in general and with Defendant, LEMPESIS, in particular. In fact, Plaintiff was a victim of a known and preventable hazard that BURR RIDGE MIDDLE SCHOOL and LEMPESIS created and allowed to continue.

28. At the time Plaintiff attended BURR RIDGE MIDDLE SCHOOL, as a student and participated in its extracurricular activity in softball, the school organized and supervised by agents and/or employees of the school district, including members of its administration and supervisors had actual knowledge that Defendant, LEMPESIS, sexually abused minors within its school and after school activities.

29. No official or agent of the BURR RIDGE MIDDLE SCHOOL has ever warned Plaintiff, his parents or others similarly situated, of such a problem or predatory and pedophile behaviors of Defendant, LEMPESIS, when Plaintiff attended school and participated in extracurricular activities, including softball.

30. Defendant, BURR RIDGE MIDDLE SCHOOL, knew or should have known of

the pedophilic behavior of the Defendant, LEMPESIS, before Plaintiff was first sexually abused by Defendant, LEMPESIS, in 1995.

31.     Defendant, BURR RIDGE MIDDLE SCHOOL, failed to act on its knowledge regarding the pedophilic behavior of Defendant, LEMPESIS, in and prior to 1995.

32.     Defendant's, BURR RIDGE MIDDLE SCHOOL's, failure to act on its Knowledge regarding the pedophilic behavior of Defendant, LEMPESIS, in and prior to 1995 increased the likelihood that Plaintiff would be harmed.  Defendant's, BURR RIDGE MIDDLE SCHOOL's, failure to act on that knowledge also contributed to Plaintiff's inability to have any knowledge of the wrongful nature of the events.

33.     As of 1995, when Plaintiff was first sexually abused by Defendant, LEMPESIS, the Defendant, BURR RIDGE MIDDLE SCHOOL, had abandoned, or in the alternative, had failed to fully follow its own procedures with respect to the voluntary undertaking described herein.

34.     BURR RIDGE MIDDLE SCHOOL voluntarily undertook a duty to protect its male students, like Plaintiff, from being sexually abused by its teachers and coaches employed by Defendant, BURR RIDGE MIDDLE SCHOOL.

35.     When Plaintiff, at 13 years of age first attended school and participated in its extracurricular activity of softball, Defendant, BURR RIDGE MIDDLE SCHOOL supervised by its teachers, coaches, and agents, and/or employees, including Defendant, LEMPESIS, and Plaintiff came under the exclusive custody and control of the said Defendant, LEMPESIS, and agents of the school for the entirety of the school year and softball season.

36.     In 1995, Defendant, LEMPESIS, served as the supervisor of several young boys

7

that participated in the softball extracurricular activity, provided by BURR RIDGE MIDDLE

SCHOOL. While participating in the after school extracurricular activity of softball, Defendant,

LEMPESIS, provided the boys with alcohol, drugs, allowing fondling of the Plaintiff and

brutally raping Plaintiff on several occasions.

37.     Defendant, BURR RIDGE MIDDLE SCHOOL, knew or should have known

prior to 1995 that Defendant, LEMPESIS, was a predatory or pedophile and prevented him from

supervising minor boys at an extracurricular activity, such as softball.

38.     Defendant, BURR RIDGE MIDDLE SCHOOL, should have known about the

inappropriate and illegal activities that occurred during and after softball practice.

39.     From 1995 to 1996, Plaintiff participated in softball and its events, including

softball practice under the supervision of Defendant, LEMPESIS, an agent, and/or employee of

Defendant BURR RIDGE MIDDLE SCHOOL, and each time exposed Plaintiff to pornography,

fondling, and brutally raping him.

40.     In total, Defendant, LEMPESIS, exposed Plaintiff to pornography, fondled him

and brutally raped him multiple times.

41.     When Defendant, LEMPESIS, was molesting Plaintiff beginning in 1995 through

1998, Plaintiff was under the influence of alcohol and/or drugs unknowingly provided to him by

Defendant, LEMPESIS, and Plaintiff did not understand what was occurring and was threatened

by Defendant, LEMPESIS, with a knife and gun that should be expose this behavior to anyone

that the Defendant, LEMPESIS would kill his sister, who was a student at the school at the time.

42.     Further, when Defendant, LEMPESIS, was molesting Plaintiff, as stated above,

Defendant, LEMPESIS gave the appearance of authority to Plaintiff and stood *in loco parentis*

and as a teacher and coach.

42.     Further, parents from the middle school approached the school district in several meetings and gave them notice that Defendant, LEMPESIS's, conduct was inappropriate.  They also asked the board to have him removed as liaison.

44.     Due to shame, embarrassment, fear, and psychological trauma Plaintiff suppressed the memory of his abuse and was unaware of the injury he suffered as a result of the sexual molestation.

45.     Plaintiff continued to repress his memory of the abuse throughout his adult life, suffering greatly as a result of the repression.

46.     In 2010, Plaintiff attended a class reunion and the Defendant, LEMPESIS, was in attendance.

47.     During the Summer of 2011, Plaintiff sought psychological treatment; it was then that some parts of his repressed memories about the sexual abuse performed by Defendant, LEMPESIS started to come back.

48.     At no time before August 2011, did Plaintiff know, nor reasonably should have known, that he was injured, or that he had been the victim of any wrongful conduct on the part of the Defendants, BURR RIDGE MIDDLE SCHOOL and LEMPESIS.

49.     Defendant, BURR RIDGE MIDDLE SCHOOL created the misperception in in the mind of Plaintiff and his parents and others that he and other children were safe with the BURR RIDGE MIDDLE SCHOOL teachers and coaches and with defendant, LEMPESIS, in particular.  At no time during the period in question did Defendant, BURR RIDGE MIDDLE SCHOOL, have in place an effective system or procedure to supervisor or monitor its teachers and coaches from sexual activity or pre-sexual grooming of children to prevent or minimize the risk of sexual contact with minors.  Nor did Defendant, BURR RIDGE MIDDLE SCHOOL,

employ reasonably sufficient procedures for testing and screening its teachers and coaches for dangerous sexual proclivities such as those shown by Defendant, LEMPESIS.

50.     Because of both Defendants, BURR RIDGE MIDDLE School's misrepresentation and concealment, Plaintiff did not know the Defendant had done something wrong at any time until multiple treatments with his psychologist and because of the misrepresentation and concealment of the Defendant, BURR RIDGE MIDDLE SCHOOL, was otherwise not aware of his injury or the cause of his injury until late August 2011.

51.     If the parents or the Plaintiff were informed by Defendant prior to 1995 that the BURR RIDGE MIDDLE SCHOOL knew or reasonably should have known at that time about pedophile teachers and coaches working for and/or on behalf of the Defendant, they would not have permitted Plaintiff, their minor son, to be alone with any teacher or coach, including defendant, LEMPESIS.

52.     **Damages**:     As a direct result of Defendant LEMPESIS's sexual abuse, and the fraudulent and wrongful conduct of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff has suffered and continues to suffer permanent emotional distress, anger, terror, embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, severe psychological injury and deprivation of earning capacity reasonably certain to occur in the future and has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling.

53.     **Equitable Estoppel**: As more particularly described above, the Defendant, BURR RIDGE MIDDLE SCHOOL misrepresented and concealed material facts about the true nature of predatory and pedophile teachers and coaches, most specifically the Defendant, LEMPESIS, it had on staff at the time of the relevant facts of this cause of action.

54.    As a result, the defendants should be equitably estopped from asserting any statute of limitation defense.


## COUNT I

### Sexual Abuse and Battery of Minor Boy:
### As an Intentional Tort against Defendant SPIRO LEMPESIS

Plaintiff, ADAM KELLEY, complains of Defendant, SPIRO LEMPESIS, as follows:

1-54.   Plaintiff incorporates Paragraphs 1-54 of this Complaint as if fully set forth herein.

55.    Defendant, SPIRO LEMPESIS, engaged in intentional, un-permitted, nonconsensual, harmful and offensive sexual contact upon the person of the plaintiff after softball practice and on other occasions from 1995 to 1998.

56.    As alleged and described herein, the sexual abuse of Plaintiff was undertaken while SPIRO LEMPESIS was a teacher and softball coach and was a managing agent of Defendant, BURR RIDGE MIDDLE SCHOOL, while in the course and scope of SPIRO LEMPESIS' employment with the school and/or was ratified by Defendant school and others.

57.    As a direct and proximate result of the intentional, wrongful and un-consented sexual contact described above, Plaintiff, ADAM KELLEY, suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, SPIRO LEMPESIS, in an amount in excess of $75,001.00, and such other relief as the court deems just and equitable.

### COUNT II
### Sexual Abuse of a Minor Boy: Willful and Wanton Misconduct
### Against Defendant, SPIRO LEMPESIS

Plaintiff, ADAM KELLEY, complains of Defendant, SPIRO LEMPESIS, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.     It was the duty of Defendant, SPIRO LEMPESIS, to refrain from conduct that was willful, wanton and reckless to persons such as the 13 year old ADAM KELLEY.

59.     Starting in or about 1995 when Plaintiff was a 13 year old boy, a minor child, Defendant, SPIRO LEMPESIS, engaged in reckless, willful and wanton conduct more particularly described above.

60.     As alleged and described herein, the sexual abuse of Plaintiff was undertaken while Defendant, SPIRO LEMPESIS, was managing agent of defendant, BURR RIDGE MIDDLE SCHOOL, while in the course and scope of SPIRO LEMPESIS' employment with BURR RIDGE MIDDLE SCHOOL, and/or was ratified by defendant school and others.

61.     As a direct and proximate result of the intentional, wrongful and un-consented sexual contact described above, Plaintiff, ADAM KELLEY, suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, SPIRO LEMPESIS, in an amount in excess of $75,001.00, and such other relief as the court deems just and equitable.

## COUNT III
### Special Relationship: Duty of Persons Having Custody of Another-
### Reinstatement of Torts (second) § 314(A) (4) § 320

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE

SCHOOL, as follows:

1-57. Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth

herein.

58. The allegations of fact and law above confirmed that the BURR RIDGE MIDDLE

SCHOOL had a special relationship and duty to intervene and protect Plaintiff consistent with

the Restatement of Torts (Second). Sec. 314(A) (4) and sec. 320; and as more particularly

described above regarding a person or entity who has exclusive custody or control of a minor

boy.

59. Because the BURR RIDGE MIDDLE SCHOOL voluntarily took custody of

Plaintiff under circumstances described above which deprived him, and his parents, of their

normal powers of self-protection; and thereby subjected Plaintiff to associations with persons

likely to harm him, the BURR RIDGE MIDDLE SCHOOL, was under a duty to exercise

reasonable care as to control the conduct of third persons so as to prevent them from

intentionally harming Plaintiff, so conducting themselves as to create an unreasonable risk of

harm to Plaintiff, the BURR RIDGE MIDDLE SCHOOL knew or had reason to know that they

had the ability to control the conduct of third persons, and knew or should have known that they

had the ability to control the conduct of third persons, and knew or should have known of the

necessity and opportunity to exercising such control. In addition, Defendant had a duty of

affirmative action for the aid and protection of Plaintiff; had a duty to anticipate danger and had

a duty to be reasonably vigilant in the supervision of teachers and coaches working at the school at BURR RIDGE MIDDLE SCHOOL when the school knew or reasonably should have known such school was staffed by predatory pedophiles.

60.     That Defendant, BURR RIDGE MIDDLE SCHOOL, breached the duty of care owed to Plaintiff, a minor boy, and his parents, and was guilty of one or more of the following wrongful acts and/or omissions:

a.      Improperly deprived Plaintiff of the normal protection of his parents and directed minor Plaintiff to be alone with SPIRO LEMPESIS, a teacher and coach that they knew or should have known was a pedophile;

b.      Failed to take affirmative acts of protection or vigilance to protect minor Plaintiff from physical harm while he was in their sole and exclusive custody on organized sports and supervised by predatory or pedophile teachers and or coaches of BURR RIDGE MIDDLE SCHOOL;

c.      Improperly exposing the minor Plaintiff to unsupervised contact with SPIRO LEMPESIS, wherein he was able to sexually abuse Plaintiff when they knew or should have known SPIRO LEMPESIS had a history of repeatedly sexually abusing minors.

61.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

<u>**COUNT IV**</u>
<u>**Voluntary Undertaking:**</u>
<u>**Duty to Protect Against Predatory and Pedophile Teachers and Coaches**</u>

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.   Defendant, BURR RIDGE MIDDLE SCHOOL, through its own policies and procedures, voluntarily undertook and did assume the duty to establish a security, investigation, and prosecution program to deter pedophile and predatory conduct by its teachers and coaches, and to protect its students from harm in the event predatory and pedophile teachers and coaches were employed by BURR RIDGE MIDDLE SCHOOL.

59.   That Defendant, BURR RIDGE MIDDLE SCHOOL breached the duty of care owed to Plaintiff, a minor boy, and his parents and was guilty of one or more of the following wrongful acts and/or omissions:

a.   Failed to properly investigate, prosecute and punish teachers and coaches who were reported to have been guilty of predatory or pedophile conduct;

b.   Failed to properly investigate all teachers and coaches involved in staffing a particular school when Defendants knew or should have known that one or more of the teachers and coaches was a pedophile;

c.   Improperly deprived Plaintiff of the normal protection of his parents and directed minor Plaintiff to be alone with SPIRO LEMPESIS, a teacher and coach that they knew or should have known was a pedophile;

d.   Failed to take affirmative acts of protection or vigilance to protect minor Plaintiff from physical harm while he was in their sole and exclusive custody on organized sports and supervised by predatory or pedophile teacher and or coaches of BURR RIDGE MIDDLE SCHOOL;

15

e.     Failed to take affirmative acts of protection or vigilance to protect minor Plaintiff from physical harm while he was in their sole and exclusive custody on organized sports and supervised by predatory or pedophile teacher and or coaches of BURR RIDGE MIDDLE SCHOOL;

f.     Improperly exposing the minor Plaintiff to unsupervised contact with SPIRO LEMPESIS, wherein he was able to sexually abuse Plaintiff when they knew or should have known SPIRO LEMPESIS had a history of repeatedly sexually abusing minors.

60.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

### COUNT V
### Respondent Superior:
### Acts within the scope of Employment

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.     It was the duty of Defendant, BURR RIDGE MIDDLE SCHOOL, through the acts of its employees and agents, to exercise reasonable care for the protection and benefit of the Plaintiff, then a minor boy, when they had exclusive custody and control of the Plaintiff.

59.     At all times relevant herein, the actions of SPIRO LEMPESIS, as described above, were acts within the scope of SPIRO LEMPESIS's employment by Defendant, BURR

RIDGE MIDDLE SCHOOL. Since the acts of sexual abuse of the then minor Plaintiff took place during the time when Plaintiff attended extracurricular activities, organized and supervised by agents and/or employees of the BURR RIDGE MIDDLE SCHOOL, they were acts within the scope of SPIRO LEMPESIS' employment by Defendant, BURR RIDGE MIDDLE SCHOOL.

60.     Since the acts of sexual abuse of the then minor Plaintiff took place by SPIRO LEMPESIS, a teacher and coach at BURR RIDGE MIDDLE SCHOOL, on an event organized by SPIRO LEMPESIS to reach out to youths, events which are sponsored and promoted by BURR RIDGE MIDDLE SCHOOL, such acts of sexual abuse, were acts within the scope of SPIRO LEMPESIS' employment.

61.     In the alternative, and in the light of the facts more particularly described above, including 1-48 above, BURR RIDGE MIDDLE SCHOOL should be estopped from denying that all such acts of SPIRO LEMPESIS were not within the scope of his employment.

62.     That Defendant, BURR RIDGE MIDDLE SCHOOL breached the duty of care owned to Plaintiff, a minor boy, and his parents, and was guilty of one or more of the following wrongful acts and/or omissions through the actions or omissions of co-defendant, SPIRO LEMPESIS:

        a.      Improperly fondled and sexually abused Plaintiff, a minor boy, while he was under the exclusive control of the BURR RIDGE MIDDLE SCHOOL;

        b.      Improperly fondled and sexually abused while he was under the exclusive control of the BURR RIDGE MIDDLE SCHOOL, while Plaintiff attended organized activities and supervised by agents and/or employees of the Defendant BURR RIDGE MIDDLE SCHOOL.

63.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and

damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

### COUNT VI
### Negligence Regarding Actions Outside the Scope of Employment-
### Restatement of Tors (Second) § 317

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.     It was the duty of Defendant, BURR RIDGE MIDDLE SCHOOL, through the acts of its employees and agents to exercise reasonable fore for the protection and benefit of the minor boy, Plaintiff, over whom they had exclusive custody and control.

59.     In the alternative, if the actions of SPIRO LEMPESIS, as described above, during the time Plaintiff attended extracurricular activities including softball organized and supervised by agents and/or employees of BURR RIDGE MIDDLE SCHOOL, a service promoted by the BURR RIDGE MIDDLE SCHOOL, were acts outside the scope of SPIRO LEMPESIS's employment by Defendant, BURR RIDGE MIDDLE SCHOOL, these acts were such acts for which Defendant had legal responsibility as more particularly described below.

60.     BURR RIDGE MIDDLE SCHOOL was under a duty to exercise reasonable care as to control their servant, SPIRO LEMPESIS, while acting outside the scope of his employment as to prevent him from intentionally harming others, or from so conducting himself as to create

an unreasonable risk of bodily harm to them as SPIRO LEMPESIS at all relevant times used his position of trust and authority given to him by BURR RIDGE MIDDLE SCHOOL to form relationships with youths and to gain the permission of parents to care for these minor children before, during and after softball practice; and BURR RIDGE MIDDLE SCHOOL knew or had reason to know that they had the ability to control its servant, SPIRO LEMPESIS; and knew or should have known of the necessity and opportunity for exercising such control.

61.     The sexual abuse of Plaintiff following softball practice organized and supervised by agents and/or employees of BURR RIDGE MIDDLE SCHOOL, SPIRO LEMPESIS, served as the supervisory of these softball practices, solely because of his position as a teacher and/or coach, and as guardian of the then minor Plaintiff, during the time of Plaintiff's attendance at softball practice organized and supervised by agents and/or employees of the BURR RIDGE MIDDLE SCHOOL.

62.     In addition, SPIRO LEMPESIS, served as the coach of the softball team and practices organized and supervised by agents and/or employees of BURR RIDGE MIDDLE SCHOOL; only by this position as teacher and coach by BURR RIDGE MIDDLE SCHOOL, the School knew that it had the ability to control SPIRO LEMPESIS, and BURR RIDGE MIDDLE SCHOOL knew that SPIRO LEMPESIS was likely to be alone with minor boys before, during and after softball practice.

63.     BURR RIDGE MIDDLE SCHOOL knew or reasonable should have known that to allow predatory and pedophile teachers and coaches who were sexually attracted to young boys at remote or private locations outside the presence of other adults was a formula for disaster; and disaster did occur in the form of sexual abuse of Plaintiff by SPIRO LEMPESIS, a teacher and coach of BURR RIDGE MIDDLE SCHOOL.

19

64.     That defendant, BURR RIDGE MIDDLE SCHOOL, breached the duty of care owed to Plaintiff, a minor boy, and his parents, and was guilty of one or more of the following wrongful acts and/or omissions, through the actions or omissions of SPIRO LEMPESIS:

a.     Improperly fondled and sexually abused Plaintiff, a minor, while he was under the exclusive control of the BURR RIDGE MIDDLE SCHOOL;

b.     Improperly fondled and sexually abused Plaintiff, a minor while he attended softball practice, a sport organized and supervised by agents and/or employees of BURR RIDGE MIDDLE SCHOOL from approximately 1995 to June 1996; this after school extracurricular activity was sponsored and promoted by BURR RIDGE MIDDLE SCHOOL.

65.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

## COUNT VII
## Institutional Negligence

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.     Defendant, BURR RIDGE MIDDLE SCHOOL owed Plaintiff a duty to provide competent and safe care and supervision by instituting and following policies and procedures to govern teachers and coaches within BURR RIDGE MIDDLE SCHOOL.

59.     Defendant, BURR RIDGE MIDDLE SCHOOL, did not have any policies and/or procedures to identify and remove predatory or pedophile teachers or coaches before providing them with access to minor students attending BURR RIDGE MIDDLE SCHOOL.

60.     Defendant, BURR RIDGE MIDDLE SCHOOL, had written policies and/or procedures in place requiring BURR RIDGE MIDDLE SCHOOL to investigate and remove all predatory or pedophile teachers and coaches in the school.

61.     From 1995 to June 1996 and at all relevant times herein, Defendant BURR RIDGE MIDDLE SCHOOL was negligent for one or more of the following reasons:

   a.     Failed to create, adopt and/or implement written polices and/or procedures designed to identify and remove predatory or pedophile teaches and coaches before proving them with access to minor students of BURR RIDGE MIDDLE SCHOOL;

   b.     Failed to follow the written polices and/or procedures that were in place requiring Defendant, BURR RIDGE MIDDLE SCHOOL to investigate and remove predatory or pedophile teachers and coaches;

   c.     Failed to institute adequate policies and/or procedures designed to prevent predatory or pedophile teachers or coaches from molesting minor students;

   d.     Failed to adopt and adequately maintain policies and procedures that would prevent predatory or pedophile teachers and coaches from harming students while in after school or extracurricular activities;

   e.     Otherwise failed to institute policies and procedures to protect against the known danger presented by predatory or pedophile teachers and coaches;

   f.     Failed to recognize the predatory or pedophilic tendencies of SPIRO LEMPESIS while he was a teacher and coach at the school.

   g.     Ignored the predatory and pedophilic tendencies of SPIRO LEMPESIS, while he was a teacher and coach at the school.

62.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL, in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

### COUNT VIII
### Res Ipsa Loquitur

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this Complaint as if fully set forth herein.

58.     This count is pled in the alternative, namely that during Plaintiff's attendance at softball practices and games organized and supervised by agents and/or employees of BURR RIDGE MIDDLE SCHOOL, events sponsored and promoted by BURR RIDGE MIDDLE SCHOOL, Plaintiff was at all relevant times within the exclusive custody and control of BURR RIDGE MIDDLE SCHOOL.

59.     In the alternative, that allowing a 13 year old boy to be on a softball team and taken to games and practices and to be exposed to a person that sexually molests him is something that does not ordinarily occur in the absence of negligence.

60.     As a direct and proximate result of the negligence of Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

### COUNT IX
### Sexual Abuse of a Minor Boy: Willful and Wanton Misconduct
### Against Defendant, BURR RIDGE MIDDLE SCHOOL

Plaintiff, ADAM KELLEY, complains of Defendant, BURR RIDGE MIDDLE SCHOOL, as follows:

1-57.   Plaintiff incorporates Paragraphs 1-57 of this First Amended Complaint as if fully set forth herein.

58.     It was the duty of the, Defendant, BURR RIDGE MIDDLE SCHOOL before and at the time of the occurrence to refrain from willful and wanton conduct that would endanger the plaintiff.

59.     It was the duty of Defendant, BURR RIDGE MIDDLE SCHOOL, to refrain from conduct that was willful, wanton and reckless to persons such as the 13 year old ADAM KELLY.

60.     From 1995 to June 1996 and at all relevant times herein, Defendant BURR RIDGE MIDDLE SCHOOL displayed willful and wanton misconduct, in showing an utter indifference for the safety of the plaintiff, in the one or more of the following ways:

a.      willful and wanton disregard for ignoring evidence of employee behavior that were known to violate the rights of plaintiff to be free of assault, abuse and harassment; and/or

23

b.    willful and wanton disregard in their decision to avoid adoption and/or implementation of written polices and/or procedures designed to identify and remove predatory or pedophile teaches and coaches before proving them with access to minor students of BURR RIDGE MIDDLE SCHOOL;

c.    willful and wanton disregard to follow the written polices and/or procedures that were in place requiring Defendant, BURR RIDGE MIDDLE SCHOOL to investigate and remove predatory or pedophile teachers and coaches;

d.    willful and wanton disregard in discouraging educators, students, parents of others from reporting defendant, SPIRO LEMPESIS inappropriate behavior with the plaintiff;

d.    willful and wanton disregard for withholding from law enforcement authorities relevant information about the defendant, SPIRO LEMPESIS' misconduct and abuse that violated law;

e.    willful and wanton disregard to comply with laws which require reporting to proper authorities when there is reasonable cause to suspect that a child is being abused;

f.    willful and wanton disregard to investigate or act upon information brought to the attention of administrators regarding suspected physical and emotional abuse of the plaintiff;

g.    willful and wanton disregard and systematically and regularly minimizing reports of abuse made by parents and others concerning the behavior of the defendant, SPIRO LEMPESIS, thereby resulting in a climate where defendant continued to openly abuse students, including the plaintiff, herein;

h.    willful and wanton disregard to discipline staff members who admitted that they should have reported defendant's abusive behavior to the appropriate authorities but failed to do so;

i.    willful and wanton disregard of the predatory or pedophilic tendencies of defendant, SPIRO LEMPESIS, while he was a teacher and coach at the school;

j.    willful and wanton disregard to perform a simple background check on the defendant, SPIRO LEMPESIS.

61.     As a direct and proximate result of one or more of the foregoing willful, wanton and total disregard for the safety of the plaintiff, by the Defendant, BURR RIDGE MIDDLE SCHOOL, Plaintiff suffered injuries and damages more particularly described above; and such other damages to which experts in this case may testify.

WHEREFORE, Plaintiff, ADAM KELLEY, demands judgment against Defendant, BURR RIDGE MIDDLE SCHOOL, in an amount in excess of $75,001.00 and such other relief as the court deems just and equitable.

Respectfully submitted by:


s/Karen A. Enright
McNabola Law Group, P.C.
Attorneys for plaintiff, ADAM KELLEY




Karen A. Enright #6210699
McNabola Law Group, P.C.
55 W. Wacker Drive-9th Floor
Chicago, IL 60601
(312) 629-2900